IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOSHUA FLUELLEN,

    Plaintiff,

vs.                                          CIVIL ACTION NO.: CV205-238

Dr. LOUIS BURGOS; TOM ELLIS,
and ROBERT E. McFADDEN,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed an action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971).  A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §1915A.  In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed.2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C.A. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing.  The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C.A. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed.2d 163, 169-70 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff generally alleges that Defendants Burgos, Ellis, and McFadden were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. Plaintiff avers that he informed prison officials of complications from a cervical spinal operation. Plaintiff details several consultations and examinations throughout a two year period. Plaintiff asserts that a primary healthcare provider examined him, ordered x-rays, and requested an in-house evaluation by an orthopedic specialist. According to Plaintiff, Defendants Burgos and Ellis agreed with the recommendation and an orthopedic specialist examined him; however, the orthopedic specialist stated that Plaintiff should be examined by a neurosurgeon. Plaintiff contends that a neurosurgeon examined him and could not diagnose his medical problems, but recommended a CT-Myelogram. After this examination, Plaintiff asserts that Defendants Burgos and Ellis recommended a transfer

AO 72A
(Rev. 8/82)

to the Federal Bureau of Prisons Medical facility for further treatment. Due to this transfer, Plaintiff alleges that Defendants Burgos and Ellis cancelled his follow-up appointment with the neurosurgeon. A few days later, Defendants Burgos and Ellis informed Plaintiff that his transfer was denied and he would be referred to the neurosurgeon for re-evaluation.

Plaintiff also contends that he spoke with Defendant McFadden, Warden of FCI Jesup, about his medical condition. After filing an Administrative Remedy Request, Plaintiff alleges that Defendant McFadden replied and stated that Plaintiff was receiving adequate medical care. Plaintiff asserts that he continued to see his primary health care provider and complained of his pain and medical problems. Plaintiff contends that Defendants Burgos and Ellis suggested that he see a rheumatologist. Plaintiff asserts that this doctor could not cure his ailments. After this visit, Plaintiff contends that Defendants Burgos and Ellis told him that, except in emergencies, he no longer needed treatment at an outside medical facility; instead, his primary healthcare provider would continue treatment for pain and other medical problems. Plaintiff asserts that he spoke to Defendant McFadden about this conversation and he told Plaintiff that he received adequate treatment.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard also embodies the principle expressed by the Court in Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed.2d 251 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed.2d 811 (1994).

Like any deliberate indifference claim, the Estelle analysis incorporates both an objective and a subjective component. Hill v. DeKalb Reg'l Youth Detention Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). The objective component is "contextual and responsive to 'contemporary standards of decency.'" Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed.2d 156 (1992) (quoting Estelle, 429 U.S. at 103, 97 S. Ct. at 290). Under that standard, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious'." Hill, 40 F.3d at 1186 (quoting Hudson, 503 U.S. at 9, 112 S. Ct. at 1000). In the Eleventh Circuit, a medical need is serious if it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill, 40 F.3d at 1187 (internal citations omitted). As to the subjective component, the Eleventh Circuit "has consistently held that knowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference." Hill, 40 F.3d at 1186 (quoting Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989)). To demonstrate deliberate indifference in the medical context, Defendants must have intentionally delayed access to medical care for such a period as to constitute the unnecessary and wanton infliction of pain. Adams v. Poag, 61 F.3d 1537, 1543-44 (11th Cir. 1995).

Plaintiff's Complaint asserts bare allegations regarding Defendants' deliberate indifference to his serious medical needs. In fact, his Complaint outlines a pattern of complaints regarding his medical condition followed by meetings, consultations, and examinations attempting to resolve his medical problems. Plaintiff, through his own statements, establishes that after each medical complaint, Defendants Burgos, Ellis, and McFadden, took measures to ensure that Plaintiff received treatment. Plaintiff's detailed

4

account of his medical treatments indicates that at least three specialists, at the direction of Defendants Burgos and Ellis, examined and attempted to treat him. Further, Plaintiff's primary health care provider is continuing treatment for his medical conditions. Although Plaintiff alleges continued pain, Defendants' seeming inability to solve Plaintiff's medical problems is not sufficient to allege a deliberate indifference toward his serious medical needs.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 3__ day of February, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE