IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOSHUA FLUELLEN,

    Plaintiff,

vs.

    CIVIL ACTION NO.: CV205-238

Dr. LOUIS BURGOS; TOM ELLIS,
and ROBERT E. McFADDEN,

    Defendants.

## ORDER

After an independent review of the record, the Court concurs with the Report and Recommendation of the Magistrate Judge, to which Plaintiff filed Objections. In his Objections, Plaintiff reasserts the factual contentions of his complaint and recounts his numerous examinations and medical consultations. Plaintiff alleges that Defendants were instructed to provide "any and all necessary" medical treatment, but they did not do so. (Obj. at p. 3.) Plaintiff contends that after visiting three specialists, treatment recommendations were made. Plaintiff avers that Defendants denied access to the recommended treatment and canceled follow-up appointments. Plaintiff asserts that one specialist agreed to order a repeat CT-myelogram and informed the Defendants that follow-up appointments would be necessary after the procedure. Plaintiff alleges that Defendants did not allow this repeat examination to occur and restricted his treatment to on-site medical care.

AO 72A
(Rev. 8/82)

Despite Plaintiff's contention that all attempts to find the cause of his medical condition have ceased, Plaintiff continues to receive examinations and treatment for his medical condition from the prison sick call unit. Plaintiff's requests for specialized medical treatment continue to be heard before the Utilization Review Committee. According to Plaintiff, the "clinical director" told him that he has been placed on a treatment list, but treatment could take time, unless there was an emergency. (Obj. at p. 11.) Plaintiff also states that he continues to speak to Defendants regarding his medical care and that he is receiving medication. Id. Construing the Plaintiff's Complaint liberally, Plaintiff has merely established a difference of opinion regarding his treatment. A mere difference of opinion as to a prisoner's diagnosis or course of treatment does not support a claim under the Eighth Amendment. See Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991); Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989).

Plaintiff's Objections are without merit. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Plaintiff's Complaint is **DISMISSED**. The Clerk of Court is authorized and directed to enter the appropriate judgment of dismissal.

SO ORDERED, this __14__ day of __March__, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2

AO 72A
(Rev. 8/82)