IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOSHUA FLUELLEN,

    Plaintiff,

vs.

Dr. LOUIS BURGOS; TOM ELLIS,
and ROBERT E. McFADDEN,

    Defendants.

CIVIL ACTION NO.: CV205-238

## ORDER

Plaintiff, an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, seeking to alter or amend the Court's judgment entered in Case Number CV205-238. Plaintiff asserts that the Magistrate Judge incorrectly applied the standard of review. Plaintiff contends that he underwent surgery and that he was never released from his surgeon's care. Plaintiff avers that Defendants were instructed to continue treating plaintiff by providing "any and all necessary medical treatment from medical facilities in the surrounding area." (Doc. No. 12-1, at p. 3.) Plaintiff also contends that he found new evidence that Doctor Boswell, a rheumatologist who examined Plaintiff, prescribed medication that he did not receive. Plaintiff asserts that Defendants did not discuss Doctor Boswell's report with him and did not tell him that Doctor Boswell offered continued treatment.

The Magistrate Judge correctly applied the appropriate standard for determining whether or not there was deliberate indifference toward Plaintiff's alleged medical needs.

Plaintiff's current Motion merely relies upon older statements of the law. Analyzing a deliberate indifference claim incorporates both an objective and a subjective component. Hill v. DeKalb Reg'l Youth Detention Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). The objective component is "contextual and responsive to 'contemporary standards of decency.'" Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed.2d 156 (1992) (quoting Estelle, 429 U.S. at 103, 97 S. Ct. at 290). Under that standard, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious'." Hill, 40 F.3d at 1186 (quoting Hudson, 503 U.S. at 9, 112 S. Ct. at 1000). As to the subjective component, the Eleventh Circuit "has consistently held that knowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference." Hill, 40 F.3d at 1186 (quoting Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989)). To demonstrate deliberate indifference in the medical context, Defendants must have intentionally delayed access to medical care for such a period as to constitute the unnecessary and wanton infliction of pain. Adams v. Poag, 61 F.3d 1537, 1543-44 (11th Cir. 1995). The Magistrate Judge used the appropriate standard to address Plaintiff's deliberate indifference claims.

Applying this standard to Plaintiff's "new" evidence, leads to the same result: Defendants did not act with deliberate indifference toward Plaintiff's alleged medical needs. Despite Plaintiff's current assertions, the report presented to the Court indicates that Doctor Boswell did not schedule Plaintiff for a follow-up appointment and gave Plaintiff the prescription. (Doc. No. 12-1, Def.'s Att. 1, p. 2.) Plaintiff has provided no indication that the Defendants in this case prevented his receiving the medication Dr. Boswell prescribed. Further, as Plaintiff's original Complaint indicated, Defendants provided Plaintiff with

numerous consultations with knowledgeable physicians. Following Plaintiff's previous chronology of events, several doctors examined Plaintiff after he visited Dr. Boswell.

Plaintiff's allegations, once again, amount to a difference of opinion regarding his medical care. A mere difference of opinion as to a prisoner's diagnosis or course of treatment does not support a claim under the Eighth Amendment. See Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991); Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989). Although Plaintiff may be dissatisfied that his ailments have not been cured, he has not asserted a claim under 28 U.S.C. § 1331 or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971).

Plaintiff's Motion to Amend or Alter Judgment, filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, is without merit and is **DENIED**.

**SO ORDERED**, this _12_ day of _May_, 2006.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)